### William Brownback et al. v. Benjamin Thomas.

1. DAMAGES—*Not Recoverable for Injuries Resulting from Acts Not Invited.*—Where it is not the plan of the proprietors of a grain elevator that customers should operate the dump, one who voluntarily attempts to do so assumes the risk and can not recover damages for injuries sus-

tained. The proprietors could not be expected to foresee an injury following an act they had not invited.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge. presiding. Heard in this court at the November term, 1901. Reversed and remanded. Opinion filed February 19, 1902.

DRENNAN & ANDERSON, attorneys for appellants; C. A. PRATER, of counsel.

J. C. & W. B. McBRIDE, attorneys for appellee; J. E. SHARROCK, of counsel.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This suit was by appellee against appellants to recover for injuries received by the former in the elevator dump of the latter while appellee was delivering oats at the elevator, in consequence, as alleged, of the defective condition of the dog, or operating attachment of the dump. The trial by jury ended in a verdict and judgment against appellants for $1,092, to reverse which this appeal is brought and various alleged errors have been argued, among which are, that the verdict is against the evidence, and errors of instructions.

The appellee drove upon the dump of appellants with his wagon loaded with oats, and in attempting to manipulate, or operate it, the dog or holding attachment suddenly slipped from its hold and caught appellee between the dump and wagon and hurt him. The negligence charged is defective attachment of the dump, about which there is conflict of evidence. The chief contention is, however, whether it was the duty of appellee to operate the dump at all, and in attempting to do so it is insisted that it was a mere voluntary act, for injury in which he can not recover. The weight of the evidence as we view it, is that appellee was instructed to drive upon the dump and wait there until appellant Wacher would operate it—and had appellee done this no injury could have happened to him. It was not in appellants' plan that customers should operate the dump, and in the voluntary effort to do this the person so acting must assume the risk of injury. Appellants could not be

expected to foresee an injury following from an act they had not invited.   Some of the instructions are not accurate, but prejudicial in view of this point.   The judgment of the Circuit Court will be reversed and the cause remanded for a new trial.